UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

|  |  |
|---|---|
| DOROTHY B. WILLIAMS, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL ENTERPRISE SYSTEMS, INC.<br><br>Defendant. | Civil Action No.:  2:15-cv-1269<br><br>**COMPLAINT - - CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

**NATURE OF ACTION**

1. This is a class action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq*.

2. Congress enacted the FDCPA in 1977 to "eliminate abusive debt collection practices by debt collectors," 15 U.S.C. §1692(e), and in response to "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which Congress found to have contributed "to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

3. As the Consumer Financial Protection Bureau ("CFPB")—the federal agency tasked with enforcing the FDCPA—recently explained, "[h]armful debt collection practices remain a significant concern today. The CFPB receives more consumer complaints about debt collection practices than about any other issue."[1]

---

[1] *See* Brief for the CFPB as Amicus Curiae, Dkt. No. 14, p. 10, *Hernandez v. Williams, Zinman, & Parham, P.C.*, No. 14-15672 (9th Cir. Aug. 20, 2014).

1

4. This case centers on misleading debt collections letters sent by National Enterprise Systems, Inc. ("Defendant") to consumers in Ohio.

## PARTIES

5. Dorothy B. Williams ("Ms. Williams" or "Plaintiff") is a natural person who resides in Logan County, Ohio.

6. Plaintiff is obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

7. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely a personal credit card from PNC Bank (the "Debt").

8. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

9. Defendant is a corporation with its corporate headquarters in Solon, Ohio. Defendant can be served through its registered agent Ernest R. Pollak, 29125 Solon Road, Solon, Ohio 44139.

10. Defendant is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

11. At all relevant times, Defendant acted on behalf of, and as an agent of, PNC Bank.

12. PNC Bank hired Defendant to collect the Debt from Plaintiff.

---

http://www.ftc.gov/system/files/documents/amicus_briefs/hernandez-v.williams-zinman-parham-p.c./140821briefhernandez1.pdf

13. At the time PNC Bank hired Defendant to collect the alleged Debt from Plaintiff, the alleged Debt was, upon information and belief, in default.

14. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or to regularly collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

15. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## JURISDICTION AND VENUE

16. This Court has jurisdiction pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

17. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this District, where Plaintiff resides in this District, and where Defendant transacts business in this District.

## FACTUAL ALLEGATIONS

18. On or about February 3, 2015, Defendant sent a written communication to Ms. Williams in connection with the collection of the Debt. A true and correct copy of the February 3, 2015 communication to Ms. Williams is attached hereto as **Exhibit A**.

19. The February 3, 2015 communication advised Ms. Williams that "[i]t's not too late to make a very smart decision – one that can take considerable weight off of your shoulders." *See* Ex. A.

20. The February 3, 2015 communication advised Ms. Williams that she had an outstanding balance of $7,235.25 with PNC Bank, but that Defendant, on behalf of PNC Bank, was willing to accept the reduced amount of $1,808.81. *See* Ex. A.

3

21. The February 3, 2015 communication advised Ms. Williams that if she took advantage of this "great opportunity," she would save $5,426.44. *See* Ex. A ("AMOUNT YOU SAVE: $5,426.44").

22. Upon information and belief, the $5,426.44 that Defendant would agree to waive if Ms. Williams accepted the settlement offer included $600.00 or more in principal.

23. The February 3, 2015 communication advised Ms. Williams that if she made the reduced payment of $1,808.81, Defendant would "waive [her] remaining debt, saving [her] a significant amount of money." *See* Ex. A.

24. The February 3, 2015 communication noted that by taking advantage of this "[l]imited-time offer," Plaintiff could "[s]ettle [her] account for good" and "[s]ettle her account for cents on the dollar." *See* Ex. A.

25. The February 3, 2015 communication advised Plaintiff that if she accepted the settlement, Defendant would have PNC Bank "report your account as settled to the credit reporting agencies…." *See* Ex. A.

26. The February 3, 2015 communication then posited the question to Ms. Williams: "Wouldn't it feel great to resolve your balance, and have one less bill to worry about?" *See* Ex. A.

27. Defendant's February 3, 2015 gives Plaintiff—and other Ohio consumers who received a similar written offer from Defendant—the impression that accepting Defendant's time-sensitive settlement offer will result in saving a specific amount of money and having no further liability or obligations with respect to the Debt.

28. Settled debt—subject to very limited exceptions not applicable here—is treated as gross income by the Internal Revenue Service ("IRS"). *See Cozzi v. Commissioner*, 88 T.C.

4

435, 445, 1987 WL 49276 (1987) ("It is well settled that gross income includes income from the discharge of indebtedness. Sec. 61(a)(12). The general theory is that to the extent that a taxpayer has been released from indebtedness, he has realized an accession to income because the cancellation effects a freeing of assets previously offset by the liability arising from such indebtedness."); *Warbus v. Commissioner*, 110 T.C. 279, 284, 1998 WL 185298 (1998) ("When, however, one's obligation to repay the funds is settled for less than the amount of the loan, one ordinarily realizes income from discharge of indebtedness.").

29. Thus the implication from Defendant's February 3, 2015 communication—that Plaintiff will be relieved of any and all obligations related to the Debt if she accepts the settlement offer—is misleading.

30. Indeed, acceptance of the settlement offer would result in Plaintiff realizing gross income with regard to the canceled portion of the Debt, as well as the concomitant reporting obligations to the IRS that are associated with canceled debt.[2]

31. Moreover, as the February 3, 2015 communication would lead the least sophisticated consumer to believe that she will be relieved of any and all obligations related to the Debt if she accepts the settlement offer—while omitting the fact that acceptance of the settlement offer may result in the realization of gross income that would need to be reported to the IRS—the February 3, 2015 communication could result in Plaintiff and other consumers underreporting their gross income to the IRS, which may cause them to incur a negligence penalty or other sanction.

---

[2] The IRS makes clear that "discharge of indebtedness [of $600 or more] under an agreement between the creditor and the debtor to cancel the debt at less than full consideration" is an identifiable event that obligates a creditor to file Form 1099-C with the IRS. *See* http://www.irs.gov/pub/irs-pdf/i1099ac.pdf, last visited April 7, 2015. As a result, Defendant would be required to report the canceled debt to the IRS—a fact not disclosed to Plaintiff.

32. The overall impression given by the February 3, 2015 correspondence, including the illustrations of weighted barbells signifying that acceptance of the settlement will "lighten [Plaintiff's] load" and get the debt situation "off [her] chest," is that payment of the settlement amount by the deadline imposed by Defendant will absolve Plaintiff of any further obligations with regard to the Debt. That impression, however, is simply not the case, as, at a minimum, Plaintiff would be responsible for reporting the canceled debt as gross income to the IRS.

33. Moreover, the February 3, 2015 communication creates the impression that accepting Defendant's time-sensitive settlement offer will result in Plaintiff saving $5,426.44 and having no further liability with respect to the Debt. *See* Ex. A.

34. Contrary to that impression, however, Plaintiff may have tax liability to the IRS as a result of her acceptance of Defendant's settlement offer. *Dues v. Capital One, NA*, No.11–CV–11808, 2011 WL 3799762, at *4 (E.D. Mich. Aug. 8, 2011) ("Income from discharge of indebtedness is includable within gross income under 26 U.S.C. § 61(a)(12) and, therefore, could give rise to tax liability.").

35. As a result, Plaintiff would not in fact save $5,426.44 as she may owe some portion of that money to the IRS for taxes—a tax burden that would likely blindside her and other similarly situated consumers in light of the representations in the February 3, 2015 communication that imply Plaintiff would have no further obligations with regard to the Debt.

36. Upon information and good-faith belief, Defendant's February 3, 2015 communication is based on a form template used by Defendant to collect consumer debts in Ohio.

## CLASS ACTION ALLEGATIONS

37. Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) on behalf of a Class consisting of:

> (a) All persons with an Ohio address, (b) to whom National Enterprise Systems, Inc. mailed a debt collection communication in connection with the collection of a consumer debt (c) in the one year preceding the date of this complaint (d) where the communication offered a settlement of the debt for at least $600 less than the outstanding balance allegedly owed (e) but that failed to advise the recipient that there may be tax consequences if she/he were to accept the settlement offer or that if the difference between the total balance and settled amount represents $600 or more in principal, such amount will be reported on Form 1099–C to the IRS.

Excluded from the Class is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had controlling interests.

38. The proposed Class satisfies Fed. R. Civ. P. 23(a)(1) because, upon information and belief, it is so numerous that joinder of all members is impracticable. The exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery. The proposed Class is ascertainable in that, upon information and belief, the names and addresses of all members of the proposed Class can be identified in business records maintained by Defendant.

39. The proposed Class satisfies Fed. R. Civ. P. 23(a)(2) and (3) because Plaintiff's claims are typical of the claims of the members of the Class. To be sure, the claims of Plaintiff and all of the members of the Class originate from the same conduct, practice, and procedure on the part of Defendant, and Plaintiff possesses the same interests and has suffered the same injuries as each member of the proposed Class.

40. Plaintiff satisfies Fed. R. Civ. P. 23(a)(4) because she will fairly and adequately protect the interests of the members of the Class and has retained counsel experienced and

competent in class action litigation. Plaintiff has no interests that are contrary to or in conflict with the members of the Class that she seeks to represent.

41. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.

42. Furthermore, as the damages suffered by individual members of the Class may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

43. Issues of law and fact common to the members of the Class predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the Class. Among the issues of law and fact common to the Class are:

   a) Defendant's violations of the FDCPA as alleged herein;

   b) the existence of Defendant's identical conduct particular to the matters at issue;

   c) Defendant's failure to notify consumers of the potential tax ramifications of its settlement offers;

   d) the availability of statutory penalties; and

   e) the availability of attorneys' fees and costs.

### COUNT I: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692e

44. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 43.

45. 15 U.S.C. §1692e provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

46. Defendant's February 3, 2015 communication is false, deceptive, or misleading because it gives the least-sophisticated consumer the impression that accepting Defendant's time-sensitive settlement offer will result in the consumer saving a specific amount of money—in Plaintiff's case $5,426.44—and having no further liability or obligation with respect to the debt at issue.

47. Contrary to that impression, however, Plaintiff may have a potentially significant tax liability if she accepted Defendant's settlement offer—a fact not disclosed by Defendant.

48. Moreover, Plaintiff would have reporting obligations to the IRS regardless of if she actually incurred any tax liability as a result of accepting Defendant's settlement offer.

49. As a result, Defendant violated 15 U.S.C. §1692e.

### COUNT II: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692f

50. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 43.

51. 15 U.S.C. §1692f provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

52. By virtue of its February 3, 2015 communication, Defendant is using an unfair or unconscionable means to collect a debt.  Indeed, Defendant attempted to lead Plaintiff to believe that accepting Defendant's time-sensitive settlement offer would result in Plaintiff saving a specific amount of money—$5,426.44—and having no further liability with respect to the debt at issue.

53. Contrary to that impression, however, Plaintiff may have a potentially significant tax liability if she accepted Defendant's settlement offer—a fact not disclosed by Defendant.

54. Moreover, Plaintiff would have reporting obligations to the IRS regardless of if she actually incurred any tax liability as a result of accepting Defendant's settlement offer.

55. As a result, Defendant violated 15 U.S.C. §1692f.

**WHEREFORE**, Plaintiff respectfully requests relief and judgment as follows:

A. Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

B. Adjudging and declaring that Defendant violated 15 U.S.C. §1692e and 15 U.S.C. §1692f;

C. Awarding Plaintiff and members of the Class statutory damages pursuant to 15 U.S.C. §1692k in the amount of $1,000.00 per class member;

D. Enjoining Defendant from future violations of 15 U.S.C. §1692e and 15 U.S.C. §1692f with respect to Plaintiff and the Class;

E. Awarding Plaintiff and members of the Class their reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to 15 U.S.C. §1692k and Rule 23 of the Federal Rules of Civil Procedure;

F. Awarding Plaintiff and the members of the Class any pre-judgment and post-judgment interest as may be allowed under the law; and

G. Awarding other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

Plaintiff is entitled to and hereby demands a trial by jury.

DATED:  April 14, 2015	Respectfully submitted,


*/s/ Ronald S. Weiss*
Ronald S. Weiss
Law Offices of Ronald S. Weiss
Ohio Bar No. 0076096
7035 Orchard Lake Road, Suite 600
West Bloomfield, MI 48322
Tel: (248) 737-8000
Fax: (248) 737-8003
rweiss@ohiolemonauto.com

James L. Davidson (to seek admission *pro hac vice*)
Florida Bar No.: 723371
Greenwald Davidson Radbil PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
Tel: (561) 826-5477
Fax: (561) 961-5684
jdavidson@gdrlawfirm.com


Counsel for Plaintiff and the proposed Class